O’Neall, J.
We concur in opinion with the Chancellor, that the defendant Sarah E. Wright is not bound by the administration bond executed by her during coverture, and that she is not liable to account to the complainant for any devastavit committed by her husband, Dr. Wright, in administering- the estate of Mrs. Screven. The case of Edwards v. Spann,(a) decided by this Court, May Term, 1831, is an authority directly in support of the Chancellor’s decision. We also agree with the Chancellor that the whole distributive share of Mrs. Wright in the estate of her mother, could not be considered as reduced into the possession of her husband during coverture. So much of the property of Mrs. Screven at the death of Dr. Wright as remained unchanged, (b) was *liable to be partitioned between Mrs. Wright and the other distributees; her share or interest in it, was therefore an equitable chose in action which survived to her. The cases referred to by the Chancellor, and the cases of Schuyler v. Hoyle, 5 John C. R. 196; Blount v. Bestland, 5 Ves. 515; Wildman v. Wildman, 9 Ves. 174, and Baker v. Hall, 12 Ves. 497, fully sustain this position and conclusion.
But we differ with the Chancellor, in his conclusion that the complainant, the security of the administrator, is liable for the share of Mrs. Wright of that portion of her mother’s estate which was wasted and consumed by her husband. It seems to me that when the estate of an *228 intestate is sold, and converted into money or notes and' obligations to the administrator for the proceeds, that so far as his wife may have an interest in the property thus changed, it is to all interests and purposes a reduction into possession. The money, or notes or obligations into which it is converted, is at law his own ; in equity, when they could be traced in specie, and the administrator was dead or insolvent, they might be followed at the instance of a creditor or a distributee who was a stranger to the administrator, as assets of the estate. But this is the utmost extent to which Equity could go in preserving the proceeds as the estate. The instant they cease to be capable of being traced, the administrator’s liability to account for them is all which can be looked to by either creditors or distributees. Could the husband during coverture have been compelled to account for his wife’s interest in the fund which he had wasted ? I apprehend he could not. For he had the right to receive it as husband, or even release it. If he could not be compelled to account for it, and having the actual possession, it is plain that there was nothing to survive to the wife in this respect. Her right pro tanto had been consumed, and consequently reduced into possession by the husband.
But be this view correct or not, and I think it is, both on reason and on the authority of the cases of Hix v. Cox, Marsh & Nail,(a) and Spann v. Jennings & Spann executors, decided by this Court, (ante, 324,) still the complainant is not liable *for Mrs. Wright’s share of that part of the estate of her mother which was wasted by her husband, Dr. Wright. No case can be found in which the wife was held to be entitled to have an account from her deceased husband’s representatives for so much of her choses in action as were received by him and wasted : the utmost extent of her rights by survivorship is to the undisposed residuum. This was the case in Schuyler v. Hoyle, and Baker v. Hall. The fact that the husband is the administrator, and acting in a trust capacity, cannot alter the case. His devastavit arises, it is true, from his powers as administrator, but it is a personal wrong for which he is personally liable. It is the conversion of the testator’s or intestate’s goods and chattels, rights and credits to his own use. This is wrongful, as against the creditors and distributees, over whose rights he has no control. But over the rights of his wife, in action, he has the right to reduce them into possession, and as against her there can be no devastavit; for he has the right to receive her interest and apply it as his own. If Dr. Wright is not liable to account for the devastavit committed, so far as his wife’s interest in the same is concerned, it follows that the complainant is entitled so far to the relief which he seeks. For as security he is liable as far, and no farther, than his principal.
It is ordered and decreed, that the Chancellor’s decree be so far modified as to allow the complainant credit on the judgment recovered against him in the name of the Ordinary on the administration bond, for Mrs. Wright’s one-third part of so much of the personal estate of Mrs. Screven as was consumed and wasted by her husband, Dr. Wright, and in all other respects that his decree be affirmed.
Johnson and Harper, Js., concurred.

 Not reported.

 The only property remaining unchanged was the negroes; and according to the doctrine of Spann v. Jennings (ante, 324) the marital rights would have attached on them if the wife had been solely entitled to them — the grounds of distinction between that case and this being that there the wife was solely entitled to the estate, and here jointly with others, and that here there was administration by the husband, whilst there there was none. R.

 Not reported.